## Case No. 2,311.

### In re CALICOTT.

[1 Am. Law T. Rep. U. S. Cts. 129; 8 Int. Rev. Rec. 169.]

Circuit Court, N. D. New York. Dec., 1868.

##### HABEAS CORPUS—CONSPIRACY TO DEFRAUD THE GOVERNMENT.

[1. An internal revenue collector who conspires with others to defraud the United States, and, in pursuance of such conspiracy, issues a permit for the removal of spirits from a bonded warehouse without payment of the tax thereon, is within the act of March 2, 1867, § 30 (14 Stat. 484), providing that if one or more persons of those who conspire to defraud the United States do any act to effect the object of the conspiracy, the parties to the conspiracy shall be deemed guilty of a misdemeanor.]

[2. It is likewise a misdemeanor, within the act, to unlawfully remove spirits from a bonded warehouse without payment of the tax, in furtherance of a like conspiracy.]

[Cited in Re Callicot, Case No. 2,323.]

[Theophilus C. Callicott, a former collector of internal revenue, was convicted of conspiracy to defraud the United States (see U. S. v. Callicot, Case No. 14,710), and now petitions for a writ of habeas corpus to inquire into the legality of his imprisonment under the sentence imposed on such conviction.]

Mr. Bartlett, for petitioner.
Mr. Tracy, Dist. Atty., for the United States.

NELSON, Circuit Justice. The petitioner was convicted in the circuit court of the United States for the eastern district of New York, on the 27th May last [1868], on an indictment founded upon the internal revenue acts of July 13, 1866 [14 Stat. 162], and March 2, 1867 [U. S. v. Callicot, Case No. 14,710.] The indictment contains nine counts. The first five are founded on section 30 of the act of 1867 [14 Stat. 484], and the remainder on sections 42 and 45 of the act of 1866. The jury returned a verdict of guilty on all the counts. The first three counts charge the petitioner, the collector of internal revenue, and others, with unlawfully conspiring together to procure, and that they did procure, the execution of a certain false and fraudulent bond, that is to say, a bond for the transportation of 200 barrels of distilled spirits, as required by law, from a bonded warehouse, purporting to be a valid and sufficient bond, whereas, in truth, the name of the principal was not genuine, and the sureties were wholly worthless and insufficient, as the said petitioner and his associates well knew, and by means of which the said two hundred barrels of distilled spirits were fraudulently removed on the permit of the said petitioner, without payment of the tax, and in fraud of the government. The fourth count charged a conspiracy to defraud the government by the fraudulent issue of a permit by the petitioner, as collector, for the removal of the distilled spirits from the bonded warehouse, without the payment of the tax, and by means of which the distilled spirits were removed and the government defrauded. The fifth, a conspiracy to defraud the government by the unlawful removal, without the payment of the duty. The sixth count, that the petitioner and others fraudulently connived at the execution of a certain false and fraudulent bond for the transportation of distilled spirits from the bonded warehouse, without the payment of a tax, by means of which the said distilled spirits were afterwards removed without payment. The seventh, eighth, and ninth counts, that the petitioner and others did unlawfully and fraudulently remove distilled spirits from a bonded warehouse, not allowed by law to be removed and in fraud of the government.

We have said the first five counts are founded on the 30th section of the act of 1867, which is as follows: "That if two or more persons conspire either to commit any offense against the laws of the United States or to defraud the United States in any manner whatever, and one or more of said parties to said conspiracy shall do any act to effect the object thereof, the parties to said conspiracy shall be deemed guilty of a misdemeanor," &c. It is quite clear—indeed, we do not understand it to be denied—but that these counts are well sustained by the above provision. The question raised, and upon which the petition for the habeas corpus is founded is, that this section has been repealed by a subsequent act, passed January 11, 1868 [15 Stat. 34], which is as follows: "That from and after the passage of this act no distilled spirits shall be withdrawn or removed from any warehouse for transportation, redistillation, rectification, change of package, exportation, or for any other purpose whatever, until the full tax on such spirits shall have been duly paid to the collector of the proper district; and all acts and parts of acts inconsistent with the provisions of this act be and they are hereby repealed." The 40th section of the act of July 13, 1866, authorized the removal of distilled spirits from a bonded warehouse without the payment of the tax, on the execution of a transportation bond as there prescribed. This provision is certainly repealed, and without any saving clause. And the real question in the case is, what effect has the repeal of this clause upon section 30 of the act of 1867, upon which the first five counts of the indictment rest? It is admitted that the petitioner has been tried, convicted, and sentenced, since the passage of the repealing act; and if that act has the effect to repeal section 30, we agree that the jurisdiction of the court fell with it. The argument for the petitioner is, that inasmuch as the conspiracy in this section consists in the fraudulent procurement of a transportation bond, required by the 40th section of the act of 1866, which provision had been repealed, consequently no law was in existence

at the time of the trial requiring such a bond, and thus an essential element in the ·conspiracy, constituting ·the offense, failed, and that the bond alleged in the indictment, and which was proved on the trial was a nullity, and had no legal existence, and is to be regarded as not proved on the trial or in the case. Assuming this to be the correct view, for the present, it will still be necessary to look into the indictment, and section 30, on which it is founded, in order to ascertain what remains of the indictment after this objection. It will be observed that the fourth count charges the conspiracy to defraud the government to consist in the fraudulent issue of a permit by Callicott, the collector, for the removal of distilled spirits from the bonded warehouse, without payment of the tax, by means of which the spirits were removed without the payment; and the fifth charges the conspiracy to defraud the government to consist in the unlawful removal from the warehouse without the payment of the tax.

Now, the offence, under the 30th section, consists, among other things, in two or more conspiring to defraud the government in any manner whatever, in a case where one or more of the parties to the conspiracy shall do any act to effect the object, that is, to effect the fraud. It will be seen that the offence as laid in these two counts, (fourth and fifth) is complete, irrespective of any removal bond, which is claimed to be repealed and in respect to which counts the bond does not constitute an element of the offence, and hence the repealing act has no application. The offence in both counts is the conspiracy to defraud the government, and the act done, as laid in one of the counts, to effect the object, is the issuing of the permit, and the removal of the spirits without payment of the taxes; and in the other, the act done is the fraudulent removal alone, without the payment, which is sufficient within section 30 to constitute the offence. And these counts, within the settled practice and rules of pleading in criminal cases, are sufficient, even on a motion for arrest of judgment, to sustain the conviction and sentence, assuming all the other counts to be bad; and, if so, this writ of habeas corpus should not be granted. As this view, in my judgment disposes of this application, we shall not look into the question as to what effect the repealing act of 1868, as it respects the transportation bond, has upon the other counts in the indictment, nor have we formed any opinion on the subject.

The objections founded upon the entering of the sentence in the first instance, on the wrong indictment, but afterward corrected, and other formal matters, we think, are all untenable. The entries in the record of the proceedings were all in due form. Motion denied.

[NOTE. For denial of a subsequent similar application, see In re Callicot, Case No. 2,323.]